IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PROGRESSIVE GULF INSURANCE COMPANY                                   PETITIONER

V.                                                          CAUSE NO.: 1:07CV20-SA

FIT EXPRESS, INC., and
PERRIN SHUTTLESWORTH                                                 RESPONDENTS

## MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

This cause comes on for consideration on Petitioner, Progressive Gulf Insurance Company's, Motion for Summary Judgment [22]. The Court finds as follows:

Progressive Gulf Insurance Company brings this action seeking a declaration that Petitioner has no obligation to defend or indemnify the Respondents, Fit Express, Inc., and Perrin Shuttlesworth, under certain policies of automobile insurance. Fit Express purchased an insurance policy on a Ford F-250, which it used to deliver equipment. Fit Express served as the named insured, and Aaron and David Chapman were named as additional insured on the vehicle.

On October 2, 2003, Aaron Chapman ("Chapman") and Perrin Shuttlesworth ("Shuttlesworth") were en route from Mississippi to South Carolina to deliver fitness equipment.[1] Aaron Chapman, a claimed independent contractor by Fit Express, had driven the vehicle in question on more than one occasion for the purpose of delivering fitness equipment. According to Chapman[2], Perrin Shuttlesworth accompanied him, eight or ten times previously, in delivering the Fit Express equipment. Prior to departing the Fit Express premises, Shuttlesworth and Chapman loaded the truck with fitness equipment. According to Chapman, he drove from Shannon, Mississippi, to Atlanta, Georgia, while Shuttlesworth slept. Upon arriving in Atlanta,

---
[1] The Court notes at the outset that Shuttlesworth did not respond to this motion for summary judgment, nor is a deposition of Shuttlesworth a part of the record.
[2] Again, as to the events that occurred on the day of the accident, the Court has before it only one undisputed version.

Chapman relinquished the driving duties to Shuttlesworth.[3] According to Chapman, he felt the truck swerve and saw that Shuttlesworth had his eyes closed. Therefore, he tapped Shuttlesworth on the shoulder, and Shuttlesworth "woke up" as the vehicle was leaving the roadway. Shuttlesworth jerked the wheel, which resulted in a one-vehicle rollover accident that injured both Chapman and Shuttlesworth.

Shuttlesworth asserted a claim against Fit Express by filing a civil complaint in the Circuit Court of Lee County, Mississippi, styled "Perrin Shuttlesworth v. Fit Express, Inc." and bearing the civil action number of CV06-175(PF)(L). Fit Express seeks defense and indemnity under the Progressive policy, and Shuttlesworth claims a right "benefits under the subject policy and particularly under 'Part I – Liability to Others'" should he succeed in the claim against Fit Express.

It is undisputed that the insurance policy bearing the number CA02215146 governs coverage. According to the declarations page, Fit Express purchased the following:

> Bodily injury and property damage liability: $300,000 Combined Single Limit
> Medical Payments: $1,000 Each Accident
> Uninsured/Underinsured Motorist Bodily Injury: $10,000 Each Person - $20,000 Each Accident
> UM Property Damage: $10,000 Less $200 Deductible
> Comprehensive – Limit of Liability Less Deductible
> Collision – Limit of Liability Less Deductible.

Petitioner notes that the following policy provisions apply. The policy provides a definition of "insured" when used in Part I – Liability to Others to mean:

> (1) you;
> (2) any additional driver listed on your policy but only while driving your insured auto;

---

[3] The accident report states that Shuttlesworth was the driver. Aaron Chapman stated under oath that Shuttlesworth was the driver and that he (Chapman) was the passenger at the time of the accident. The only other evidence the Court has before it is Shuttlesworth's response to Fit Express' first request for admissions which stated: "Admit that on October 2, 2003, at the time of the accident, which is the subject of this lawsuit, you were operating the motor vehicle involved in the accident." Shuttlesworth responded, "Due to my injuries which left me with no memory of the wreck, I cannot admit or deny this request. However, it is my understanding that the driver's seat was found to be in a position which would not be consistent with me driving."

(3) any other person driving your insured auto with your permission and within the scope of that permission.

The following exclusions are included among the exclusions to the liability coverage of the policy found in Part I:

Coverage under this Part I and our duty to defend does not apply to:

. . . (4) Any obligation for which an insured or the insurer of that insured, even if one does not exist, may be held liable under Workers' Compensation, unemployment compensation, or disability benefits law or any similar law.[4]

. . . (6) Bodily injury to an employee of an insured, or a spouse, child, parent, brother or sister of that employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers' Compensation, disability benefits or other similar law. This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(7) Bodily injury to a fellow employee of an insured injured while within the course of their employment, except injuries for which the insured is legally liable.

. . . (10) Bodily injury or property damage resulting from or caused by the loading or unloading of property with any device other than a hand truck.

. . . (12) Bodily injury or property damage resulting from anyone who is not your employee loading or unloading an auto.

. . . (15) Bodily injury to you or an insured.

Petitioner argues that exclusion 6 applies because Shuttlesworth was paid by Aaron Chapman and took specific instructions from Aaron Chapman, which makes Shuttlesworth an employee. On the other hand, Fit Express contends that Shuttlesworth was not an "employee" of Aaron Chapman. Fit Express insists that no taxes were withheld, no 1099 was provided, and the relationship between Chapman and Shuttlesworth was inconsistent and infrequent. Moreover, Fit Express maintains that Chapman did not have the authority to assign additional projects to others, and Chapman himself was not even in the business of delivering goods.

---

[4] Petitioner listed this exclusion but failed to argue why it applies.

3

Petitioner further asserts that exclusion 7 applies because Chapman is considered "insured" under the policy. Thus, Petitioner argues that Chapman and Shuttlesworth were "fellow employees." Fit Express counters that Chapman is not an insured under the contract. Moreover, Fit Express claims that it is the insured, not Chapman. Also, Fit Express persists that Chapman was not the driver and, thus, not the insured. Furthermore, Fit Express declares that since Shuttlesworth was driving Fit Express' truck "without Fit Express' permission, without Fit Express' knowledge and in direct contravention of restrictions placed upon the independent contractor at the time of the accident," he cannot be the "insured" pursuant to the contract. Lastly, Fit Express argues that since no benefits were "paid nor required to be paid under any Worker's Compensation, disability benefits or other similar law," the plain language of the contract evidences that Shuttlesworth was not an "insured."

Next, Petitioner avows that exclusions 10 and 12 apply to the facts since it is undisputed Chapman and Shuttlesworth loaded the Ford vehicle. Fit Express responds that the exclusion does not apply because Chapman and Shuttlesworth were not injured in the process of loading or unloading the hand truck.

Finally, Petitioner asserts that exclusion 15 "unequivocally" entitles it to summary judgment since Shuttlesworth falls under the omnibus clause[5] and is, therefore, an "insured" under the policy at the time of the injury. Petitioner contends that Aaron Chapman, an independent contractor, controlled the use and operation of the Ford vehicle, and, thus, in this case, Shuttlesworth would be classified as "insured" pursuant to permissive-use law in

---

[5] The permissive user clause (clause number 3 in the definition of "insured" listed supra) is commonly referred to as an "omnibus clause." See Black's Law Dictionary 1121 (8th ed. 2004) (defining "omnibus clause" as a provision in an automobile insurance policy that extends coverage to all drivers operating the insured vehicle with the owner's permission).

4

Mississippi. Fit Express counters that Shuttlesworth does not fall within the plain and unambiguous contractual terms as they define "you" and "insured."

It is imperative to note that Fit Express brought forth some additional issues in their response to motion for summary judgment. Fit Express, a Mississippi corporation, claims that no subject matter jurisdiction exists in this case because Progressive was a Mississippi corporation at the time the contract was agreed upon. Furthermore, Fit Express also asserts that the Court should abstain from hearing the declaratory judgment until the state court action has concluded. Moreover, Fit Express states that Progressive informed it that there may be coverage and did not state whether or not they would defend or indemnify Fit Express for the claims of Shuttlesworth. Also, Fit Express avers that Progressive informed it that Shuttlesworth was not making any claims. Thus, Fit Express asserts, it relied upon those assertions to its detriment in not bringing claims against the policy or against Shuttlesworth. Fit Express argues that it then released the truck to Progressive in thinking Progressive was going to investigate the truck. Subsequently, Fit Express argues, Progressive failed to properly preserve the truck and caused it to be destroyed. In addition, Fit Express maintains that Progressive failed to supply it with photographs of the truck.

Finally, Fit Express avows that Progressive delayed in asserting its claims in a court of law for over three years, after the statute of limitations had run against any claims Fit Express could have asserted against Shuttlesworth or Progressive. Fit Express points out that this affirmative defense has not been denied by Progressive.

*STANDARD FOR MOTION FOR SUMMARY JUDGMENT*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.

5

R. Civ. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*DISCUSSION*

Although Fit Express did not file a motion, the Court will first address the subject matter jurisdiction issues raised. It is axiomatic that "the jurisdiction of the court depends upon the state of things at the time of the action brought." Grupo Data Flux v. Atlas Global Group, L.P., 541 U.S. 567, 570, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)). Specifically, diversity of citizenship challenges are measured by the state of the facts at the time of the filing of the complaint. Grupo, 541 U.S. at 571, 124 S. Ct. 1920. In the case sub judice, Progressive was an Ohio Corporation at the time of the filing of the complaint. Thus, the parties are completely diverse, and the jurisdictional amount has been satisfied. Therefore, this Court has subject matter jurisdiction over Progressive.

As to Fit Express' abstention argument, the Court finds that it is not required to abstain from hearing the declaratory matter. As Fit Express concedes, the Court is not *required* to abstain from hearing the declaratory matter. See Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274, 61 S. Ct. 510, 85 L. Ed. 826 (1941); Amer. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998); Essex Ins. Co. v. Parnell, No. 4:06CV23-P-B, 2006 WL 3091312

6

(N.D. Miss. Oct. 30, 2006). Indeed, the Court is not *required* to abstain from hearing the matter and will not do so in the case sub judice. As such, the Court finds that an actual controversy exists, and the Court will determine whether Progressive is entitled to summary judgment absolving it of a duty to indemnify or defend.

Concerning the loss of the truck and photographs, the Court will not address these issues in an order on motion for summary judgment. These arguments can be addressed during the jury instructions evaluation at the appropriate time, should Fit Express be entitled to such an instruction.

Lastly, as to Fit Express' argument that they relied on Progressive's representations in not bringing claims against Shuttlesworth or Progressive, this argument is in a response to motion for summary judgment. As determined below, this motion for summary judgment is denied. Accordingly, this argument is irrelevant for the purposes of this motion for summary judgment. Moreover, "the coverage or restrictions cannot be extended by the doctrines of waiver and estoppel." Federated Mut. Ins. Co. v. Davis, 919 F. Supp. 1001, 1006 (S.D. Miss. 1995).

Having addressed the collateral issues submitted in the response to motion for summary judgment, the Court will now evaluate the merits of the motion for summary judgment regarding whether the policy excludes coverage.

The Court finds that one or more of the exclusions could apply depending on the fact determinations made by the jury. Specifically, exclusion 15 states that coverage and Progressive's duty to defend does not apply to "[b]odily injury to you or an insured." Thus, whether Shuttlesworth is considered an "insured" for the purposes of this policy is imperative to determine.

The policy defines "insured" as "(1) you; (2) any additional driver listed on your policy but only while driving your insured auto; [and] (3) any other person driving your insured auto with your permission and within the scope of that permission." Whether Shuttlesworth had express or implied "permission" and whether he was within the scope of that permission are determinations for the jury. See generally, Thomas v. Deviney Const. Co., 458 So. 2d 694 (Miss. 1984) (holding that the question of whether a driver is a permissive user of an insured vehicle should have been determined by the jury). Thus, contingent on factual determinations of whether Shuttlesworth is considered an "insured," Fit Express could be deemed to be legally liable to Shuttlesworth, which could trigger coverage.

Moreover, this determination will likely require a fact analysis of whether Chapman is considered an independent contractor or an employee, i.e., to show if he had implied permission and if so, the scope of that permission. See Weathersby v. Gore, 556 F.2d 1247, 1252 (5th Cir. 1977) (holding that the existence of agency is a fact question).

Thus, if the jury finds that Shuttlesworth had permission, this finding would render him an "insured" under the policy, and, therefore, he would not be covered under "Part I – Liability to Others" because an "insured" cannot also be an "other" under a policy.

Lastly, Shuttlesworth has proffered just enough evidence to create a dispute of a genuine issue of material fact as to whether or not he was the driver of the vehicle. See supra note 3.

Accordingly, the Court finds that disputes of genuine issues of material fact exist whether Shuttlesworth had express or implied permission to drive the vehicle, whether Chapman is an employee or an independent contractor, and whether Shuttlesworth was the driver of the vehicle.

So **ORDERED**, this the 24th day of September, 2008.

                                                       **/s/ Sharion Aycock**
                                                     **U.S. DISTRICT COURT JUDGE**