# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**PROGRESSIVE GULF INSURANCE COMPANY**　　　　　　　　**PETITIONER**

**V.**　　　　　　　　　　　　　　　　　　　　**CAUSE NO.: 1:07CV20-SA**

**FIT EXPRESS, INC. and**
**PERRIN SHUTTLESWORTH**　　　　　　　　　　　**RESPONDENTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

This cause comes on for consideration on Progressive Gulf Insurance Company's Motion for Reconsideration of the Court's Order on Summary Judgment [34]. The Court finds as follows:

*Factual Background*

The Court issued an opinion and order denying Progressive Gulf Insurance Company's ("Progressive") Motion for Summary Judgment. In that opinion, the Court held that genuine issues of material fact exist. Specifically, the Court found that fact determinations must be made to determine whether Perrin Shuttlesworth ("Shuttlesworth") had express or implied permission to drive the vehicle, whether Aaron Chapman ("Chapman") is an employee or an independent contractor, and whether Shuttlesworth was the driver of the vehicle. Progressive filed a Motion for Reconsideration averring that no such disputes exist.

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant

to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). See, e.g., Neely v. Regions Bank, Inc., 2007 U.S. Dist. LEXIS 11775, 2007 WL 571111 (N.D. Miss. Feb. 20, 2007).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003). The court's duty in ruling on a motion for reconsideration is to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

*Discussion*

In the instant case, Progressive has failed to argue 1) any intervening change in controlling law or 2) the availability of new evidence. Although Progressive does not specifically assert "the need to correct a clear error of law or prevent manifest injustice," the

Court will, out of an abundance of caution, address its arguments in the motion for reconsideration.

Progressive's arguments are merely a regurgitation of its' motion for summary judgment. A motion for reconsideration cannot be used to allow litigants an unlimited number of chances to rehash theories already rejected by the Court. <u>Anderson v. Monsanto Co.</u>, 235 Fed.Appx. 255, 256 (5th Cir. 2007). Progressive insists that the questions of: 1) who was driving the vehicle at the time of accident, and 2) whether Shuttlesworth had permission to drive the vehicle are uncontroverted facts. Therefore, Progressive concludes that whether Shuttlesworth was a permissive user is a question of law for the Court.

However, as the Court fully analyzed in its' Order and Opinion on motion for summary judgment, whether Shuttlesworth had express or implied "permission" and whether he was within the scope of that permission are determinations for the jury. <u>See</u> <u>generally</u>, <u>Thomas v. Deviney Const. Co.</u>, 458 So. 2d 694 (Miss. 1984) (holding that the question of whether a driver is a permissive user of an insured vehicle should have been determined by the jury). Thus, contingent on factual determinations of whether Shuttlesworth is considered an "insured," Fit Express could be deemed to be legally liable to Shuttlesworth, which could trigger coverage.

Moreover, this determination will likely require a fact analysis of whether Chapman is considered an independent contractor or an employee, i.e., to show if he had implied permission and if so, the scope of that permission. <u>See</u> <u>Weathersby v. Gore</u>, 556 F.2d 1247, 1252 (5th Cir. 1977) (holding that the existence of agency is a fact question).

Thus, if the jury finds that Shuttlesworth had permission, this finding would render him an "insured" under the policy, and, therefore, he would not be covered under "Part I – Liability to Others" because an "insured" cannot also be an "other" under a policy.

Lastly, Shuttlesworth has proffered just enough evidence to create a dispute of a genuine issue of material fact as to whether or not he was the driver of the vehicle.

Again, no clear error of law or manifest injustice exists in the case <u>sub judice,</u> and genuine issues of material fact exist. As such, summary judgment was properly denied, and the Court denies Progressive's Motion for Reconsideration. Progressive's request for oral argument is hereby denied as moot.

So **ORDERED**, this the 5th day of November, 2008.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT JUDGE**