**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PROGRESSIVE GULF INSURANCE COMPANY**                                **PETITIONER**

**V.**                                                              **CAUSE NO: 1:07CV20-SA-JAD**

**FIT EXPRESS, INC. AND
PERRIN SHUTTLESWORTH**                                              **RESPONDENTS**

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO ASSERT COUNTERCLAIM

This cause comes on for consideration on Progressive Gulf Insurance Company's Motion to Dismiss with Prejudice [39] and Fit Express, Inc.'s Motion for Leave to Assert Counterclaim [40]. The Court finds as follows:

*BACKGROUND*

Progressive Gulf Insurance Company ("Progressive") filed this declaratory action on January 30, 2007. Progressive seeks a declaration from this Court that Fit Express and Perrin Shuttlesworth are not entitled to any defense or indemnity under the policy of insurance issued by Progressive to Fit Express. This Court denied Progressive's Motion for Summary Judgment on the grounds that Fit Express had raised genuine issues of material fact as to whether Shuttlesworth had express or implied permission to drive the vehicle, whether Aaron Chapman is an employee or an independent contractor, and whether Shuttlesworth was the driver of the vehicle.

Now, the Plaintiff has filed a Motion to Dismiss with Prejudice averring that the underlying case has been settled and payment of fees to Fit Express' counsel has been tendered. Furthermore, Progressive asserts that no justiciable controversy remains.

On November 24, 2008, Fit Express filed a Motion for Leave to Assert

Counterclaim.[1]  Fit Express first notes that the underlying action is indeed settled.  Fit Express then argues that Progressive has acted in bad faith "in its actions and inactions prior to this lawsuit, and after this lawsuit, including the assertion of frivolous exclusions it did not bother to support by law or argument."  Fit Express also seeks attorneys' fees incurred in responding to the declaratory action.  Finally, Fit Express vaguely asserts that, "there also appears to be a dispute as to whether Progressive is going to pay all of Fit Express' fees and expenses in the underlying state lawsuit."

Fit Express' proposed counterclaim argues that Progressive destroyed the vehicle which was involved in the accident underlying this lawsuit.  Fit Express also states, "Progressive was repeatedly informed of the importance and need of preserving the damaged truck in the event any claims were timely made relating to the accident." Fit Express also avows that Progressive "frivolously claimed that it had no duty to defend its insured." Further, Fit Express claims that Progressive did not "advise Fit Express of its conflict of interest or advise Fit Express that it should retain separate counsel or perform its own separate investigation of the accident."  Lastly, Fit Express states that Progressive "is required by contract to pay Fit Express' attorney's fees in this declaratory judgment action because the expenses incurred in defending this action were clearly incurred as a result of 'Progressive's request.'"

Progressive responds by submitting an affidavit that Progressive timely paid all invoices for the defense of the action, including Fit Express' invoice and amended invoice. Also, Progressive contends that there is no evidence suggesting Progressive lacked an arguable reason for filing this declaratory action.  Moreover, Progressive

---

[1] Fit Express filed its Answer and Affirmative Defenses on April 2, 2007.  Fit Express did not assert any counterclaims in that Answer; however, it did "expressly reserve[] the right to assert counterclaims against Progressive in the ongoing State Court action and in this action . . ."

argues that Fit Express' counterclaim is time-barred.  Progressive notes that the proposed counterclaim is compulsory, and Fit Express did not adhere to the scheduling order which mandated a deadline for amendments to the pleadings of July 31, 2007.  Progressive concludes that Fit Express should not be able to assert the counterclaim at this late date, fifteen months after the deadline.  Progressive maintains that in Fit Express' Motion for Summary Judgment, Fit Express acknowledged that any claims filed by Fit Express would be time-barred by the statue of limitations.  Lastly, Progressive avers that no Mississippi court has awarded attorneys' fees in a declaratory action, since Mississippi follows the American rule which states that attorney's fees are not awardable unless statutorily or contractually authorized.

## *DISCUSSION*

The Court finds that the underlying action has been settled, and this Court has no jurisdiction to enforce whether or not the proper funds have been paid in the settlement of the underlying action in state court.  That settlement is not before this Court, and thus, this Court will not enforce payment in another Court.

However, as to Fit Express' argument that it is entitled to attorneys' fees incurred in the declaratory action, "[w]here jurisdiction is based on diversity of citizenship, attorneys' fees may be recovered in a declaratory judgment action in the discretion of the district court if recovery would be in accord with state law."  Wildmon v. Berwick Universal Pictures, 803 F. Supp. 1167, 1178 (N.D. Miss. 1992).  However, as this Court stated in Wildmon, "Mississippi follows the 'American Rule' on attorneys' fees which ordinarily disallows fees to the successful litigant." Id. (citing Grisham v. Hinton, 490 So. 2d 1201, 1205 (Miss. 1986)).

3

Trial courts are imbued with the discretion to grant or deny attorneys' fees under Mississippi law. See Miss. Code Ann. § 11-55-5 (allowing discretionary award of attorneys' fees where, *inter alia*, a party brings an action or asserts a claim or defense "that is without substantial justification"). Because this Court has ruled that Progressive did not frivolously file the declaratory judgment action as there was an adequate argument of coverage, Fit Express is not entitled to attorneys' fees incurred in the declaratory judgment action. See Order on Reconsideration [37].

As to Fit Express' proposed counterclaim, the Court holds that it is untimely. Per the scheduling order, the parties were required to file amendments to the pleadings by July 31, 2007. Fit Express' attempt to file a counterclaim over fifteen months past the scheduling order deadline, and almost two years after this action was filed, is not well taken. The parties must adhere to the Court's deadlines, and the Court will not allow the untimely counterclaim.

Accordingly, Progressive's Motion to Dismiss is hereby GRANTED as no justiciable controversy exists. Fit Express' Motion to Amend Pleadings is untimely and is DENIED. Further, under Mississippi law, attorneys' fees are within the discretion of the district judge; therefore, the Court holds that Fit Express' request for attorneys' fees stemming from this declaratory action are improper and are denied, as well.

So **ORDERED**, this the __11th__ day of March, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT COURT JUDGE**